FOLGER v. ADDISON APARTMENT CO.

APPEAL AND ERROR—IMMATERIAL ISSUE—HARMLESS ERROR.

In an action for the breach of an oral contract of employment as hotel manager, where the issue, i. e., the terms of the contract, and whether defendant had the right to terminate same on 30 days' notice, was properly submitted to the jury, and decided by them in plaintiff's favor, the submission also of the question as to whether a previous contract made with plaintiff by defendant's manager was binding upon defendant, although immaterial, *held*, not prejudicial to defendant.

Error to Wayne; Sharpe (Nelson), J., presiding. Submitted October 21, 1919. (Docket No. 102.) Decided January 5, 1920.

Assumpsit by Alonzo T. Folger against the Addison Apartment Company for breach of a contract of employment. Judgment for plaintiff. Defendant brings error. Affirmed.

*Trowbridge & Lewis* (*E. R. Milburn,* of counsel), for appellant.

*Percy W. Grose,* for appellee.

BIRD, J. The board of defendant company, by resolution, appointed F. W. Bergman managing director of the Addison apartments, in the city of Detroit, with power to employ a resident or assistant manager thereof, and set aside $6,000 to cover his yearly compensation, and the compensation of the assistant. Bergman, in the latter part of December, 1915, employed plaintiff as his assistant at $300 a month, with board and room for himself and family. The service was to

begin on January 1, 1916, and continue for one year, subject to certain contingencies, which will later appear. This contract with plaintiff is evidenced by several letters which passed between him and Bergman. The contract contains the following provision:

"We wish to confirm our conversation recently during which we offered you the management of the Addison hotel at three hundred dollars per month, and rooms and board for yourself and family, to commence January 1, 1916. After the expiration of six months, providing everything is satisfactory and business has developed under your management to warrant it, a substantial increase in salary will be arranged for; by mutual consent, this arrangement may be terminated on thirty days' notice, otherwise it is a twelve months' agreement of service and employment."

Plaintiff worked under this agreement less than three weeks when Bergman resigned as manager of the hotel, and also as director of the company. Plaintiff was then called before the board, and after some talk he was offered Bergman's place as manager and director. He was asked about compensation and it is his claim that he replied that he would be willing to serve in the new position on the same terms as he was then serving as assistant. This agreement resting entirely in parol, and being desirous of having it confirmed by some writing, defendant wrote plaintiff on January 17, 1916, as follows:

"Pursuant to our conversation as confirmed by our board of directors, I am writing to put the same in such form that there shall be no misunderstanding.

"The Addison Apartment Company employs you to act as its general manager, commencing with January 1st, at a salary of three hundred dollars per month, to be paid monthly or semi-monthly, as may be convenient. At the end of six months the work shall be reviewed by yourself and the board of directors, and if agreeable to both parties, a further arrangement can be made. In the event that either party shall wish

to terminate the arrangement, in the meantime, he shall give thirty days' notice.

"You are to have full charge of the management of the hotel, acting and co-operating with the officers and board of directors of the company.

"If this arrangement is not satisfactory to you, we will be pleased to have you advise."

To this, plaintiff replied:

"In connection with your letter of the 17th in which our understanding to continue service under agreed terms of employment previously arranged is referred to, I note there is a difference in your letter confirming our arrangement.

"I refer to that feature which includes apartments and board for myself and family, which is always understood in taking charge of a house, and in order to make it clear I quote from your managing director's letter of December 11, 1915, the conditions under which I accepted the management, and which conditions it is understood continue.

" 'We wish to confirm our conversation recently during which we offered you the management of the Addison hotel at three hundred dollars per month, and rooms and board for yourself and family, to commence January 1, 1916. After the expiration of six months, providing everything is satisfactory, and business has developed under your management to warrant it, a substantial increase in salary will be arranged for; by mutual consent this arrangement may be terminated on thirty days' notice, otherwise it is a twelve months' agreement of service and employment.' "

In answer to this, defendant wrote:

"Answering your communication of January 18, 1916, I have been instructed by the board of directors to say that the letter of myself, dated January 17, 1916, may be, and is hereby modified to include rooms and board for yourself and family, in addition to the monthly compensation provided for."

On February 7th plaintiff claims he sent the fol-

lowing letter to defendant but defendant denies that it was ever received:

"Your letter of February 7th, referring to mine of January 18th, which gives clearly the terms of my engagement with the Addison Apartment Company, does not give me your promised confirmation of my understanding.  The board of directors in meeting January 11th agreed that I should continue under the same terms I had accepted from your retiring managing director, and it is this which should be confirmed, if you think a confirmation necessary.

"Your two letters, the one a modification of the other, does not do this, but would apparently undo the arrangement and place a new one on a monthly basis of employment.  No reputable hotel man would care to take a management in which he could not see further than thirty days.

"I would very much like to confer with the board of directors next meeting night, February 14th, and know just what it is I am supposed to understand in regard to my engagement here."

Plaintiff went on acting as manager of the hotel and director of the company until August 31, 1916, when he received a letter from defendant putting an end to his employment on October 1st.  Accordingly, on this date, he left the hotel with his family, and soon after commenced this suit to recover damages for not being permitted to finish his term.  The matter was submitted to a jury and they returned a verdict in plaintiff's favor of $1,400.

Plaintiff contends he was working under the terms of the agreement he made with Bergman, and that, under that agreement, his dismissal before the end of his term was wrongful.

Defendant argues that it had a right to terminate the agreement either under its own agreement with plaintiff or under the Bergman contract, by giving thirty days' notice, and that the trial court was in error in refusing to direct a verdict for defendant,

and also in refusing to charge the jury that it had a right to terminate either contract.

It is conceded that plaintiff made a contract with Bergman, that its terms were certain, and that he began his work as assistant manager thereunder. While so engaged, Bergman resigned his connection with defendant. The board then called plaintiff in and offered the place to him. They discussed the terms under which he should become the manager, and evidently at the time reached an agreement. From this point the parties are not in accord as to the terms of the agreement. Plaintiff says he offered to assume the new position on the same terms as the old, and that under that agreement his dismissal was wrongful. Defendant, on the other hand, contends that it had a right to terminate the agreement under either contract by giving 30 days' notice, and it points to its letters addressed to plaintiff subsequent to the making of the agreement as evidence that its version is right. The fact must not be overlooked that the latter contract with plaintiff was an oral one. An attempt was subsequently made by both parties to come to a written understanding of what the agreement was, but they did not succeed in this, as will be shown by their letters. It, therefore, became a question of fact which version was the correct one.

The real question in controversy was not whether plaintiff was working under the first or second contract, but what the terms of the second contract were. Plaintiff admitted he was working under the new arrangement which he had with the board, but he insists that the terms of that arrangement were the same as those he had with Bergman. If this were true, it would not matter whether the Bergman contract was binding on the defendant or not. Even if it be conceded that the Bergman contract was invalid, it had terms, and plaintiff says those terms were the

terms of his agreement with the board. While we think the question submitted to the jury as to whether the Bergman contract was valid and binding on the corporation was immaterial, still the trial court put the crucial question up to the jury to determine which version was right. If any error was made by submitting this immaterial question, it was more prejudicial to plaintiff than to defendant. The submission of the case to the jury was as favorable to defendant as it had a right to demand. The jury having accepted plaintiff's version, the parties are thereby. concluded.

We find no reversible error in the remaining assignments. The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred. SHARPE, J., did not sit.

Justice KUHN took no part in this decision.